*50 The opinion of the court was delivered by
Pochb, J.
Defendant appeals from a sentence to a ñne by a recorder’s court for the violation of a city ordinance, which was enacted in 1888, for the purpose of establishing fire limits for the City of New Orleans.
The section of the ordinance involved in the case reads as follows: “ That it shall not be lawful, and all persons are forbidden, to increase or add to the dimensions of any building already erected, under the pretence of repairing, or cause the same to be done, within the limits described in Sections 1, 2 and 4 of this ordinance, or to repair the roof of any such building, or cause the same to be done, except by using in such repairs non-combustible materials.”
The charge against the defendant was that, in July, 1889, he caused the roof of a house which he owned within the fire limits to be repaired with shingles. The facts alleged in the charge were substantiated by the evidence, which showed at the same time that from the date of its original construction the house, which was a frame building, had always been roofed with shingles. The point made in defence is, that the section of the ordinance herein sought to be enforced is ultra vires for want of legislative sanction or authority in the Oity Council to enact the same.
The source of authority invoked by the City Attorney is the eighth paragraph of the eighth section of the City Charter, known as Act No. 20 of 1882, which provides:
‘ ‘ The Council shall also have power * * * to determine within what limit wooden buildings shall not be erected and to prevent the reconstruction in wood of old buildings within such limits.”
It is very clear, and it is conceded on both sides, that the object of this legislation is to do away, as much as possible, with wooden buildings in that portion of the city described and known as fire limits, with the view of diminishing the danger and the occurrence of large and destructive conflagrations.
One portion of the paragraph is intended to prohibit the construction, in the future, of wooden buildings within certain prescribed limits; and the law maker, having no intention to delegate the power of removing or demolishing wooden buildings in existence previous to the adoption of such an ordinance, contemplated, by the means of the latter portion of the paragraph, to empower the City *51 Council to forbid the reconstruction of wooden buildings within the limits to be designated by the Council.
But the question presented for discussion is, whether the power conferred by the latter part of the paragraph includes the authority to forbid necessary repairs to such buildings with the same kind of materials used in the original construction?
If repairs and reconstruction were synonymous terms, the power would undoubtedly be included.
But a very wide difference exists between the meaning of the two terms; and besides, the ordinance does not only forbid the repairs of the building, but even of a portion of the same. In the legislative enactment no reference is made to repairs, and the power therein conferred is in terms restricted to the prohibition of the reconstruction of a former wooden building with the same or similar materials. The reconstruction of a building presupposes a previous destruction or demolition of such building, and in such a case the operation could in no sense be deemed or said to be a repairing of such building, for the repairing of a building must, in the very nature of things, presuppose the contemporaneous existence of the building.
Hence it follows that the sole object contemplated by the law maker was to authorize the City Council to prohibit the reconstruction in wood, within the limits to be by it prescribed, of buildings originally built of wood, and existing as such at the date of the ordinance, but which might subsequently be destroyed by fire or otherwise, or which might thereafter be demolished by the owners. But acting under that legislative mandate, which avowedly was its only authority in the premises, the council went a great step further and it proposed to forbid the repairing of the rooSs of such buildings, except by using in such repairs non-combustible materials. Hence came the present prosecution of this defendant for having replaced on the roof of his building old shingles by new ones. Evidently the danger from fire was not increased by that operation, and therefore it can not be argued that he acted in violation of either the spirit or the-letter of the statute, from which the city could derive its sole power in the premises.
It is therefore clear that the prohibition contained in the city ordinance was not contemplated by the law maker, as it is greater than, and materially different from, the only power or authority which he intended to delegate or confer.
*52 Now, the power in a municipal corporation to control the owners of property within its limits in using or building their property in a manner different from their inclination, desire or convenience, can not be ranked among the implied and incidental powers which such corporations may exercise in the absence of express legislative mandates. It is a useful power, presumably necessary to provide for the greatest good oí the greatest number, but it is, at the same túne, a power in derogation of common right, and unless it be expressly conferred, it will never be presumed to exist. Succession of Irwin, 33 An. 68, and authorities therein cited.
“Except as to incidental power, and which need not be, though they usually are, mentioned in the charter, the charter itself, is the measure of the authority to be exercised, and the general disposition of the courts in this country has been to confine municipalities within the limits that a strict construction of the grants of powers in their charters will assign to them, thus applying substantially the same rule that is applied to charters of private corporations.” Cooley’s Con. Lim.,'4th ed., p. 235.
We conclude, and we therefore hold, that so much of the ordinance under consideration as is intended to prohibit the owner of a wooden building within the fire limits of the city from repairing the roof thereof with the same materials with which it was covered at the date of the passage of the ordinance is null and void, as being ultra xires, and hence that it can not be enforced by the courts.
It is therefore ordered that the judgment appealed from be annulled, avoided and reversed, and that the charge propounded against the defendant be dismissed at the costs of the city in both courts.